IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Respondent, )<br>)<br>vs. )<br>)<br>MARIO RESENDIZ, )<br>)<br>Movant. ) | Case No. 05 C 4932 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Mario Resendiz pled guilty to a charge of possession of over 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and a charge of knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). In September 2003, the Court sentenced him to consecutive prison terms of 60 months on each charge (a total of 120 months), representing the mandatory minimum sentence for each. In September 2004, the government moved pursuant to Federal Rule of Criminal Procedure 35(b) to reduce Resendiz's sentence, and the Court granted the motion in December 2004, reducing the sentence to 60 months. Thus far Resendiz has served about 24 months in prison.

On August 26, 2005, Resendiz filed a *pro se* motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence. In the motion, Resendiz contends that he did not actually commit an offense under § 924(c)(1)(A) and that his counsel rendered ineffective assistance by failing to advise him of this prior to his guilty plea. As a result, Resendiz contends, his guilty plea was unknowing and involuntary.

The docket reflects that on September 16, 2005, an Assistant United States Attorney was designated as counsel for the government in the case. On October 3, 2005, the Court entered an order directing the government to respond to Resendiz's motion on or before November 4, 2005 and directing Resendiz to reply on or before November 25, 2005.

The government did not file a response by the due date and did not seek an extension of time. In one similar situation in the past, the Court, on its own motion, entered an order extending the time for the government's response, hoping that this would get someone's attention in the United States Attorney's Office. But this state of affairs – apparent inattention to the Court's directives in § 2255 cases – has happened often enough that the Court is no longer willing to do what the government should be fully capable of doing on its own. The Court conducted a search of the Clerks' records to identify the other cases in which it had this experience. In *United States v. Gray,* 05 C 402, the Court directed the government to file a response to the § 2255 motion by February 28, 2005, but none was filed and no extension of time was sought. On March 17, 2005, the Court entered an order noting the default and, on its own motion, extending the time for a response to April 8, 2005. A response was filed within a few days. But the government's default prompted the movant to file, quite understandably, a motion seeking entry of judgment in his favor. In *United States v. Cimino,* 04 C 6412, the Court directed the government to respond to the § 2255 motion by November 30, 2004, but no response was filed, and no extension of time was sought. As a result, the movant filed a motion seeking entry of judgment in his favor. This prompted the government to seek an extension of time, which the Court granted. In both *Gray* and *Cimino,* the docket reflects that the Court's initial order directing a response was entered before an Assistant United States Attorney was designated.

This suggested a possible explanation for the government's default in each case, though not a valid excuse, as checking the docket of a case is a rather elementary first step for an attorney designated on the case to take. But in the present case, a prosecutor was designated before the Court's order setting a response date.

The Court is hesitant to call three cases a "trend."[1] But the pattern is nonetheless distressing. The same type of default by the same office has taken place three times within the last year. And this Court is only one of over twenty judges in this District who hear § 2255 motions. If a local private law firm of equivalent size to the United States Attorney's Office missed (without a request for extension) dates for its responsive pleading in three cases before a single judge within the same period, the judge might reasonably begin to wonder how this could occur and what controls, supervisory and otherwise, were in place to prevent such defaults. But in those situations, at least, the firm's clients are protected by malpractice insurance. The Court respectfully suggests that the level of concern is amplified significantly when it is a public prosecutor's office that is making the defaults. The Court intends to forward a copy of this Opinion to the United States Attorney in the hope that some preventive measures can be taken to minimize the recurrence of defaults of this nature.

The Court proceeds to address Resendiz's motion. We are uncertain whether Resendiz's

---

[1] There is actually a fourth case. In *United States v. Cleveland,* 04 CR 3769, the Court ordered the filing of a response by July 7, 2004. None was filed, and no extension of time was sought. But in that case, at least, the government sought leave to file a response *instanter*, approximately two weeks late but before the Court took action on its own. The Court granted the motion. (We note that in *Cleveland,* the designation of a prosecutor on the docket was not made until even after the motion for leave to file *instanter* was made, indicating that someone caught the default even though no attorney had been designated on the docket. This suggests that delayed designation is not the problem here.)

3

first claim provides a viable basis for § 2255 relief.  We need not, however, determine that issue at this juncture, for his second claim – ineffective assistance of counsel – almost certainly sets forth on its face an adequate basis for relief.  That claim appears to require the development and presentation of evidence, and for that reason the Court orders a hearing on Resendiz's § 2255 motion.  Rule 8(c) of the Rules Governing Section 2255 Proceedings requires appointment of counsel for the movant in a section 2255 proceeding if he is financially unable to retain counsel.  For this reason, Resendiz is directed to file promptly a sworn statement attesting to his financial condition; a copy of the appropriate form will be sent to him by the Clerk.  The case is set for a status hearing on December 15, 2005 at 9:30 a.m.

        /s/ Matthew F. Kennelly  
        MATTHEW F. KENNELLY  
        United States District Judge

Date:   November 28, 2005