**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent,** ) | |
| ) | |
| vs. ) | Case No. 05 C 4932 |
| ) | |
| **MARIO RESENDIZ,** ) | |
| ) | |
| **Movant.** ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On May 22, 2003, Mario Resendiz pled guilty to possession of over 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On September 15, 2003, the Court sentenced Resendiz to consecutive sixty month terms on each charge, for a total of 120 months. The judgment was entered on the docket on October 7, 2003. In December 2004, pursuant to a motion filed by the government pursuant to Federal Rule of Criminal Procedure 35(b), the Court reduced Resendiz's sentence by one half, to sixty months.

Resendiz has filed a *pro se* motion under 28 U.S.C. § 2255 in which he challenges his conviction on the § 924(c)(1) charge. In the motion, Resendiz contends that his actions did not amount to a violation of § 924(c)(1) and that he received ineffective assistance of counsel, in that he pled guilty to the § 924(c)(1) charge because his trial attorney, Raul Villalobos, misinformed him regarding the elements required to convict him of that charge, failed to argue that he had not violated § 924(c)(1), and erroneously advised him that he had no right to appeal.

## Facts

On January 17, 2003, Resendiz drove his Chevy Tahoe truck to a parking lot near 4601 West Cermak in Chicago to meet co-defendant Marcelino Rivera and another man who, unknown to Resendiz and Rivera, was cooperating with law enforcement. Rivera and Resendiz had previously arranged to sell two kilograms of powder cocaine to the cooperating source for $40,000. Upon meeting at the parking lot, Rivera retrieved from the back seat of Resendiz's truck a shopping bag containing approximately two kilograms of cocaine and placed it in the trunk of the source's car. Rivera retrieved from the source's trunk a duffle bag containing the $40,000, which he then placed in Resendiz's truck. Resendiz and Rivera were arrested shortly thereafter. A loaded .38 caliber handgun was found under the rear passenger bench of Resendiz's truck.

As indicated earlier, Resendiz pled guilty to possession of cocaine with intent to distribute and to possession of a firearm in furtherance of a drug trafficking crime.

## Discussion

Resendiz's § 2255 motion is likely untimely. A § 2255 motion must be filed within one year of the latest of four events: the date the judgment of conviction became final, the date an impediment to making a motion created by unconstitutional government action was removed, the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or the date on which the facts supporting the claim could have been discovered with due diligence. *See* 28 U.S.C. § 2255. There is nothing to suggest that the second or third of these alternatives applies to Resendiz. His conviction became final on October 17, 2003, when the ten day period for filing a notice of

appeal expired. Resendiz's § 2255 motion was placed with prison officials for mailing on or about August 11, 2005, well over one year after his conviction became final.

The Court will not dismiss Resendiz's motion on timeliness grounds, however, because he has an colorable claim that the facts underlying his claim could not have been discovered more than one year before his motion was filed. Resendiz contends his trial counsel did not provide him with documents he requested in order to investigate whether he had a viable legal claim. And as noted earlier, Resendiz contends he was given incorrect advice regarding the elements of a charge under § 924(c)(1). For these reasons, rather than disposing of Resendiz's motion on grounds of untimeliness, we will assume for purposes of discussion that he can make out a claim that he could not have discovered the grounds for his motion more than one year before he filed the motion.

The government also argues that Resendiz procedurally defaulted his first claim by failing to raise it on direct appeal. The claim that the facts supporting Resendiz's guilty plea do not amount to a violation of § 924(c)(1) is, in fact, the type of claim that could have been raised on direct appeal. Resendiz did not file a direct appeal. As a result, to assert the claim in a § 2255 motion, Resendiz must show cause for his failure to raise the issue on appeal and prejudice resulting from that failure. *See, e.g., United States v. Barger,* 178 F.3d 844, 848 (7th Cir. 1999). Because, however, the issue of "cause" overlaps with Resendiz's ineffective assistance of counsel claim – which includes a contention that Resendiz was told he could not appeal – we will address that point in conjunction with our discussion of the merits.

We turn, therefore, to Resendiz's claim of ineffective assistance of counsel. Resendiz contends his lawyer told him that in his plea agreement, he had waived his right to appeal. A

3

claim of ineffective assistance concerning an alleged failure to appeal involves a two part inquiry: whether counsel consulted with the defendant about an appeal, and if not, whether counsel's failure to do so constituted deficient performance. *Roe v. Flores-Ortega,* 528 U.S. 470, 478-79 (2000). The defendant then "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he could have timely appealed." *Id.* at 484. To obtain an evidentiary hearing on such a claim, and ultimately to obtain relief, a defendant must make more than bare allegations about the lawyer; supporting evidence is required. *See, e.g., Galbraith v. United States,* 313 F.3d 1001, 1008 (7th Cir. 2002); *Bruce v. United States,* 256 F.3d 592, 597 (7th Cir. 2001).

Resendiz's contention that he was unaware that he could appeal is undermined by the advice the Court gave him at the time of his guilty plea. The Court specifically asked Resendiz whether he understood that he would have the right to appeal his sentence to a higher court, and Resendiz replied that he understood this. *See* Govt. Resp., Ex. 1 at 24. Resendiz's response is binding on him, *see, e.g., United States v. Price,* 988 F.3d 712, 717 (7th Cir. 1993), and it is fatal to this part of his ineffective assistance claim.

Resendiz's primary claim is that his conduct did not amount to a violation of § 924(c)(1). Because Resendiz pled guilty to violating that statute, he may sustain this claim only if he can demonstrate that he received ineffective assistance of counsel in connection with his decision to plead guilty. *See United States v. Broce,* 488 U.S. 563, 574 (1989). Resendiz asserts such a claim; he contends his lawyer misadvised him regarding the elements of an offense under § 924(c)(1) and should have advised him, and argued, that his conduct did not amount to a violation of that statute. As with any claim of ineffective assistance of counsel, Resendiz must

4

show his lawyer's performance was deficient and that this prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). And because Resendiz pled guilty to the charge, he must also show there is a reasonable probability that, but for counsel's errors, he "would not have pleaded guilty and would have insisted on going to trial." *Liss v. United States,* 915 F.2d 287, 291 (7th Cir. 1990).

Resendiz's claim is that *Bailey v. United States,* 516 U.S. 137 (1995), requires active employment of a firearm to violate § 924(c)(1). That was certainly the case at the time of *Bailey*; under the version of § 924(c)(1) that existed at that time, "the inert presence of a firearm, without more, [was] not enough to trigger § 924(c)(1)." *Id.* at 149. In response to *Bailey,* however, Congress amended § 924(c)(1) to provide that defendants who "possess[ ]" a firearm in furtherance of a drug crime also violated the law. *See* 18 U.S.C. § 924(c)(1)(A).

The Seventh Circuit interpreted the "possession in furtherance" requirement in *United States v. Castillo,* 406 F.3d 806 (7th Cir. 2005), determining that this provision of the statute requires the government to "present a viable theory as to how the gun furthered the drug possession or distribution (e.g., being available to protect the drugs or drug dealer), and it must present specific, non-theoretical evidence to tie that gun and the drug crime together under that theory." *Id.* at 817. The court agreed with the Fourth Circuit's conclusion in *United States v. Lomax,* 293 F.3d 701, 705 (4th Cir. 2002), that "a fact finder is certainly entitled to come to the common-sense conclusion that when someone has both drugs and a firearm on their person, the gun is present to further drug trafficking." *Castillo,* 406 F.3d at 516. Resendiz admitted at the time of his guilty plea that he "brought [the gun] to the drug deal for his protection." Govt. Resp., Ex. 1 at 30. Under the circumstances, Resendiz's trial counsel did not act unreasonably in

5

declining to advance the argument that the gun was not possessed in furtherance of drug trafficking, and Resendiz has no viable claim that his conduct did not violate the post-*Bailey* version of § 924(c)(1) that was in effect at the time of the drug deal in which he participated. Resendiz cannot sustain a claim of ineffective assistance regarding counsel's advice or the guilty plea.

## Conclusion

For the reasons stated above, the Court denies Resendiz's § 2255 motion. The Clerk is directed to enter judgment in favor of the United States.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 21, 2006